# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52657-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DAVID CHARLES RAHNERT, | |
| Appellant. | |

David Rahnert appeals the imposition of interest on his legal financial obligation (LFO). The State concedes that the imposition of interest on Rahnert's LFO here violates RCW 10.82.090(1). We accept the State's concession, and we remand for the trial court to strike the provision in the judgment and sentence imposing interest on the LFO.

## FACTS

On June 9, 2018, officers discovered methamphetamine when searching Rahnert incident to an arrest. Rahnert was convicted on September 18 of possession of a controlled substance, methamphetamine.

Rahnert was sentenced on September 19. The trial court imposed as a mandatory LFO a $500 crime victim penalty assessment. The judgment and sentence provided that the LFO would bear interest "from the date of the judgment until payment in full." Clerk's Papers at 28.

Rahnert appeals the imposition of interest on his LFO.

ANALYSIS

Rahnert claims, and the State concedes, that the trial court erred by imposing interest on his LFO. We agree.

RCW 10.82.090(1) states, "As of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." Here, the trial court imposed a nonrestitution LFO. And the judgment and sentence was entered after June 7, 2018. Therefore, the trial court erred in imposing interest on that LFO.

CONCLUSION

We remand for the trial court to strike the provision in the judgment and sentence imposing interest on Rahnert's LFO.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
WORSWICK, J.

_____
GLASGOW, J.